

Gary Abbott Parks
Attorney at Law
OSB #93392
Gary.parks@northwestwagelaw.com
Northwest WageLaw, LLC
9320 SW Barbur Blvd Ste 135
Portland OR 97219-5405
(503) 295-0431 (phone)   (503) 265-8244 (fax)

ANDREW FRISCH
Attorney at Law
Florida Bar No. 27777         (admission pro hac vice pending)
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Florida 33314
(954) 318-0268 (phone)   (954) 333-3515  (fax)
E-mail: AFrisch@forthepeople.com

*Attorneys for Plaintiffs Gregory Mills and Blaine Sproul*

FILED'11 FEB 2 10:26USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **GREGORY MILLS,** and **BLAINE SPROUL**, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action.<br><br>Plaintiffs,<br>v.<br><br>**RM INTERNATIONAL, INC.**, a limited liability company, **DAIMLER TRUCKS NORTH AMERICA LLC**, a limited liability company, **ROUSH INDUSTRIES, INC.**, a foreign corporation, and **JAMES KEYES**, Individually,<br><br>Defendants. | Case No.<br><br>CV '11 - 129  KI<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION<br>29 USC § 216(b)<br><br>[Jury Trial Requested] |

### COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **GREGORY MILLS** ("MILLS"), and **BLAINE SPROUL** ("SPROUL") or (collectively "Plaintiffs"), on behalf of themselves and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants,

COMPLAINT         **Northwest WageLaw, LLC**
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

RM INTERNATIONAL, INC. ("RMII"), a limited liability company, **DAIMLER TRUCKS NORTH AMERICA LLC** ("DAIMLER"), a limited liability company, **ROUSH INDUSTRIES, INC.**, a foreign corporation ("ROUSH") and **JAMES KEYES** ("KEYES") (collectively referred to as "Defendants") and state as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, **MILLS** was and continues to be a resident of Crook County, Oregon.

5. At all times material hereto, **SPROUL** was and continues to be a resident of Crook County, Oregon.

6. At all times material hereto, **RMII** was and continues to be an Oregon limited liability company. Further, at all times material hereto, **RMII** was and continues to be engaged in business in Oregon, with its principle place of business in Multnomah County, Oregon.

7. At all times material hereto, **DAIMLER** was and continues to be a Delaware limited liability company. Further, at all times material hereto **DAIMLER** was and continues

COMPLAINT                               Northwest WageLaw, LLC
                                        9320 SW Barbur Blvd Ste 135
                                        Portland, OR 97219-5405
                                        Phone (503) 295-0431  Fax (503) 265-8244

to be engaged in business in Oregon, with its principle place of business in Multnomah County, Oregon.

8. At all times material hereto, **ROUSH** was and continues to be a Michigan corporation. Further, at all times material hereto **ROUSH** was and continues to be engaged in business in Oregon, with a principle place of business in Multnomah County, Oregon.

9. At all times material hereto, **KEYES** was and continues to be a resident of Multnomah County, Oregon.

10. At all times material hereto, **KEYES** owned and operated **RMII**.

11. At all times material hereto, **KEYES** regularly held and/or exercised the authority to hire and fire employees of RMII.

12. At all times material hereto, **KEYES** regularly held and/or exercised the authority to determine the work schedules for the employees of RMII.

13. At all times material hereto, **KEYES** regularly held and/or exercised the authority control the finances and operations of **RMII.**

14. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of **RMII**; (b) determine the work schedules for the employees of **RMII**; and (c) control the finances and operations of **RMII**, **KEYES** is an employer as defined by 29 U.S.C. 201 *et. seq.*

15. At all times relevant hereto, prior to January 1, 2009, Defendant **RMI** had a contract with Defendant **DAIMLER**, under which the parties jointly employed Plaintiffs, and those similarly situated to them, to test drive Defendant **DAIMLER**'s vehicles.

16. At all times after December 31, 2008, Defendant **ROUSH** had a contract with Defendant **DAIMLER**, under which the parties jointly employed Plaintiff, SPROUL and those

COMPLAINT

Northwest WageLaw, LLC
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

Page 3 of 9

similarly situated to him, to test drive Defendant **DAIMLER**'s vehicles.

17. The terms of the contracts between **DAIMLER** and **RMI** in the first instance and **DAIMLER** and **ROUSH** in the second instance were materially the same, with respect to each parties duties, responsibilities and rights.

18. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

19. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

20. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

21. Defendants were and continue to be "employers" within the meaning of FLSA.

22. At all times material hereto, **RMII** was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

23. At all times material hereto, **DAIMLER** was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

24. At all times material hereto, **RMII** was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

25. At all times material hereto, **DAIMLER** was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

26. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

27. The additional persons who may become plaintiffs in this action are/were "Test Driver" employees for Defendants, who held similar positions to Plaintiff and who worked in

COMPLAINT
Northwest WageLaw, LLC
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

28. Defendants' failure to adequately compensate Plaintiff, and those similarly situated to him, for their overtime hours, resulted from their uniform misclassification of all of their "Test Drivers" as exempt from the FLSA by virtue of the Motor Carrier Act ("MCA") exemption.

29. None of Defendants' "Test Drivers," including Plaintiffs, were exempt under the MCA exemption.

30. The MCA exemption was inapplicable to Plaintiffs, and those similarly situated to them, because they were not commercial truck operators, as required for application of the MCA exemption.

31. The MCA exemption was inapplicable to Plaintiffs, and those similarly situated to them, because they did not transport property in interstate commerce, as required for application of the MCA exemption.

32. The MCA exemption was inapplicable to Plaintiffs, and those similarly situated to them, because they had no reasonable expectation they might be assigned to transport property in interstate commerce, as required for application of the MCA exemption.

33. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

34. In or about November, 2008, Defendants hired **MILLS** to work as a "Test Driver."

COMPLAINT

Northwest WageLaw, LLC
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

35. From November, 2008, until his separation of employment, **MILLS** was jointly employed by Defendants **RMI**, **DAIMLER** and **KEYES**.

36. In or about June, 2009, Defendants hired **SPROUL** to work as a "Test Driver."

37. From June, 2009, until October, 2009, **SPROUL** was jointly employed by Defendants **RMI**, **DAIMLER** and **KEYES**.

38. From January 1, 2009, and continuing to the present, **SPROUL** has been jointly employed by Defendants **ROUSH** and **DAIMLER**.

39. At various material times hereto, Plaintiffs worked for Defendants in excess of forty (40) hours within a work week.

40. From at least November 2008, and continuing to date, Defendants have failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single work week.

41. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA.

42. Defendants have violated Title 29 U.S.C. §207 from at least November 2008 through at least September 2009, in that:

    a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

COMPLAINT

Northwest WageLaw, LLC
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

Page 6 of 9

  c.  Defendants failed to maintain proper time records as mandated by the FLSA.

43. Plaintiffs have retained the law firms of Northwest WageLaw, LLC and Morgan & Morgan, P.A., to represent him in the litigation and has agreed to pay the firms a reasonable fee for their services.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

44. Plaintiffs re-allege and reaver paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45. From at least November 2008 and continuing to date, Plaintiffs worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

46. Plaintiffs were and are entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for those hours worked in excess of forty (40) hours.

47. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

48. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

49. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

50. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs have

COMPLAINT                    **Northwest WageLaw, LLC**
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

Page 7 of 9

suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

51.  Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

52.  At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

53.  Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiffs were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiffs, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

54.  Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.  Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per work week;

    c.  Awarding Plaintiffs liquidated damages in an amount equal to the

COMPLAINT                                            **Northwest WageLaw, LLC**
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431  Fax (503) 265-8244

Page 8 of 9

overtime award;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiffs pre-judgment interest;

f. Issue of an Order, as soon as is practicable, authorizing Plaintiffs to send notice of the instant lawsuit to all similarly situated "Test Drivers" employed by Defendants within the past 3 years; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: January 31, 2011

_____
GARY ABBOTT PARKS
Attorney at Law
OSB #93392
Gary.parks@northwestwagelaw.com

Northwest WageLaw, LLC
9320 SW Barbur Blvd Ste 135
Portland OR 97219-5405
(503) 295-0431 (phone)   (503) 265-8244 (fax)

ANDREW ROSS FRISCH[1]
Attorney at Law
afrisch@forthepeople.com

Morgan & Morgan, P.A.
6824 Griffin Road
Davie FL 33314
(954) 318-0268 (phone)   (954) 333-3515 (fax)

*Attorneys for Plaintiff Gregory Mills*

---

[1] Pro Hac Vice admission will be sought shortly.

COMPLAINT

**Northwest WageLaw, LLC**
9320 SW Barbur Blvd Ste 135
Portland, OR 97219-5405
Phone (503) 295-0431   Fax (503) 265-8244